UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEFFREY P. STEPHENS,
                    Plaintiff,

              -vs-

CITY OF NEW YORK, DEPARTMENT OF FINANCE,

                    Defendant.
------------------------------------------------------------------------X

**COMPLAINT**

Plaintiff Demands a Jury

Plaintiff Jeffrey P. Stephens, by his undersigned attorneys, as and for his complaint against defendant City of New York, Department of Finance, alleges as follows:

1. This is an action for damages and other remedies for disability discrimination, sexual harassment, and unlawful retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(4) (civil rights). This Court has supplemental jurisdiction over the New York City law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the federal law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

4. Plaintiff JEFFREY P. STEPHENS ("Mr. Stephens") is a former employee of defendant City of New York, Department of Finance.

5. Defendant CITY OF NEW YORK, DEPARTMENT OF FINANCE (the "City") was plaintiff's employer within the meaning of 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and N.Y.C. Admin. Code § 8-102 at all times relevant to this complaint.

## Statement of Claims

6. Plaintiff Jeffrey P. Stephens is a research scientist with a learning disability that has been recognized by several academic institutions. He has been able to function at the highest levels, including completing a Master's thesis and ongoing pursuit of a Ph.D. in Geospatial Science and Engineering, with the accommodation of a quiet place to work.

7. On or about March 5, 2018, plaintiff commenced work as a research scientist with defendant City of New York in its Department of Finance.

8. At the time he started working for the City, plaintiff's supervisor was Carmela Quintos.

9. Mr. Stephens was assigned to a desk in a quiet part of the office with little or no foot traffic.

10. In or about May 2018, Ms. Quintos gave Mr. Stephens a favorable performance evaluation.

11. No one raised any concerns about Mr. Stephens' job performance between March 5, 2018 and September 23, 2018.

12. On or about July 6, 2018, Carl Zimmerman began work as Mr. Stephens's supervisor. Mr. Zimmerman reported to Ms. Quintos.

13. On or about July 6, 2018, during an in-person meeting, Mr. Zimmerman asked inappropriate questions and made inappropriate comments about Mr. Stephens's personal life and cultural background.

14. Mr. Zimmerman moved next to Mr. Stephens, rubbed up against him, put his hand and arm on Mr. Stephens, and said "I'm in bed with you." When Mr. Stephens pushed himself away, Mr. Zimmerman moved close to him again.

15. Shortly after that meeting, Mr. Stephens overheard Mr. Zimmerman telling a female employee that Mr. Stephens was "too cute."

16. During the summer of 2018, Mr. Zimmerman continued to touch Mr. Stephens and rub up against him with his body. When Mr. Stephens was using a mouse, Mr. Zimmerman put his hand over Mr. Stephens' hand. On several occasions during bi-weekly meetings, Mr. Zimmerman took off his shoes and rubbed his feet against Mr. Stephens.

17. On or about August 15, 2018, Mr. Stephens complained to Mr. Zimmerman that his conduct was rude and disrespectful. Mr. Stephens specifically objected to Mr. Zimmerman's comment about being "in bed" with him.

18. Mr. Stephens also complained to Ms. Quintos that Mr. Zimmerman was harassing him. He told Ms. Quintos that Mr. Zimmerman was touching and rubbing up against him. He told Ms. Quintos that he raised his concerns with Mr. Zimmerman but his concerns were ignored.

19. Two weeks later, Ms. Quintos told Mr. Stephens that he had to move to a desk in a different part of the office that was noisy and had constant foot traffic.

20. Mr. Stephens objected to the move because it would be difficult for him to concentrate in the proposed new location. He discussed his disability with Ms. Quintos and asked her to allow him to remain at his current desk assignment as a reasonable accommodation.

21. Ms. Quintos told Mr. Stephens that he would have to contact the EEO office if he wanted to keep his current desk assignment.

22. Mr. Stephens immediately contacted the EEO office and requested that he be allowed to keep his desk assignment as a reasonable accommodation of his disability.

23. The EEO office sent Mr. Stephens a "Request for Reasonable Accommodation" form. The instructions on the form indicated that Mr. Stephens "should complete Section I and III and submit this form to [his] immediate supervisor."

24. Mr. Stephens provided all the information required to complete Sections I and III of the form. In the section labeled "Accommodation Requested," Mr. Stephens asked for a quiet desk location free from high foot traffic and with limited distraction.

25. The desk Mr. Stephens had been using at all times since his first day of work met the criteria for the accommodation he requested.

26. Mr. Stephens called the EEO office to make sure he had completed the form properly. When the EEO office confirmed that he had completed the form properly, Mr. Stephens put the completed form on the desk of his supervisor, Mr. Zimmerman.

27. On September 14, 2018, Mr. Stephens met with Ms. Quintos. They discussed his complaints of harassment against Mr. Zimmerman. Mr. Stephens mentioned that he had made a formal request for an accommodation of his disability.

28. Two days later, Mr. Zimmerman gave Mr. Stephens an unsatisfactory performance review. The asserted performance deficiencies were not true.

29. On September 18, 2018, Mr. Stephens met with Ms. Quintos, who told him that he did not have to sign the performance review and could write a rebuttal.

30. On September 24, 2018, Mr. Stephens received a letter stating that his employment was terminated immediately. The letter did not mention any grounds or cause for the termination.

31. Mr. Zimmerman told Mr. Stephens that the termination was without cause.

32. Mr. Stephens applied for and received unemployment benefits.

33. The City did not challenge Mr. Stephens's application for unemployment benefits or otherwise assert that he was fired for cause.

34. On February 8, 2019, Mr. Stephens filed a *pro se*, verified complaint with the New York State Division of Human Rights ("NYSDHR") alleging claims against the City, Ms. Quintos, and Mr. Zimmerman for disability discrimination, sex discrimination, and retaliation in violation of the New York State Human Rights Law. The NYSDHR accepted the verified complaint on behalf of itself to the extent it alleged violations of the New York State Human Rights Law, and as a complaint for violations of the ADA and Title VII on behalf of the U.S. Equal Employment Opportunity Commission ("EEOC").

35. Mr. Stephens did not have a full and fair opportunity to litigate his claims in the NYSDHR.

36. Mr. Stephens was not represented by counsel in the NYSDHR.

37. The NYSDHR did not conduct a hearing.

38. Mr. Stephens did not have an opportunity to cross-examine witnesses in the NYSDHR.

39. On August 13, 2019, the NYSDHR issued a determination finding no probable cause with respect to Mr. Stephens' claims under the New York State Human Rights Law.

40. The NYSDHR did not address Mr. Stephens' claims under the ADA or Title VII.

41. The NYSDHR advised Mr. Stephens that he had the right to request a review of his federal claims by the EEOC.

42. Mr. Stephens filed a timely request for review with the EEOC.

43. On March 2, 2020, the EEOC sent Mr. Stephens a Right to Sue letter, a copy of which is annexed to this Complaint.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION IN VIOLATION OF THE ADA

44. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

45. Plaintiff is a person with a disability within the meaning of the ADA.

46. Defendant is an employer covered by the ADA.

47. Defendant had notice of plaintiff's disability.

48. With reasonable accommodation, plaintiff was able to perform the essential functions of the job at issue.

49. The requested accommodation would not have resulted in undue hardship.

50. Plaintiff suffered adverse employment actions.

51. The adverse employment actions occurred under circumstances that give rise to an inference of discrimination.

52. Defendant's conduct constitutes disability discrimination against plaintiff in violation of the ADA.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE ADA

53. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

54. Plaintiff participated in activity protected by the ADA.

55. Defendant was aware of plaintiff's participation in the protected activity.

56. Defendant took adverse employment actions against plaintiff after he participated in protected activity.

57. Defendant took adverse employment actions against plaintiff because of his participation in protected activity.

58. Defendant's conduct constitutes retaliation against plaintiff because he engaged in activities protected by the ADA.

### THIRD CLAIM FOR RELIEF
### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

59. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

60. Plaintiff was subjected to offensive and harassing conduct by his supervisor because of his gender.

61. The supervisor's conduct created a hostile and abusive work environment that altered the terms and conditions of plaintiff's employment.

62. Defendant's conduct constitutes sex discrimination against plaintiff in violation of Title VII.

### FOURTH CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF TITLE VII

63. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

64. Plaintiff participated in activity protected by Title VII.

65. Defendant knew that plaintiff participated in activity protected by Title VII.

66. Defendant took adverse employment actions against plaintiff after he engaged in protected activity.

67. Defendant took adverse employment actions against plaintiff because of his protected activity.

68. Defendant's conduct constitutes retaliation against plaintiff because he engaged in activities protected by Title VII.

## FIFTH CLAIM FOR RELIEF
## SEXUAL HARASSMENT IN VIOLATION OF
## THE NEW YORK CITY HUMAN RIGHTS LAW

69. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

70. Plaintiff was subjected to offensive and harassing conduct by his supervisor because of his gender.

71. The supervisor's conduct created a hostile and abusive work environment that amounted to more than petty slights or trivial inconveniences.

72. Defendant's conduct constitutes sex discrimination against plaintiff in violation fo the New York City Human Rights Law.

## SIXTH CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE NEW YORK CITY HUMAN RIGHTS LAW

73. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

74. Plaintiff is a person with a disability within the meaning of the New York City Human Rights Law.

75. Defendant had notice of plaintiff's disability.

76. With reasonable accommodation, plaintiff was able to perform the essential functions of the job at issue.

77. Plaintiff suffered adverse employment actions.

78. The adverse employment actions occurred under circumstances that give rise to an inference of discrimination.

79. Defendant's conduct constitutes disability discrimination against plaintiff in violation of the New York City Human Rights Law.

## SEVENTH CLAIM FOR RELIEF
## REFUSAL AND FAILURE TO ENGAGE IN COOPERATIVE DIALOGUE
## IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

80. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

81. Plaintiff requested a reasonable accommodation for his disability.

82. Defendant failed and refused to engage in a cooperative dialogue with plaintiff concerning the request for a reasonable accommodation.

83. Defendant's conduct constitutes disability discrimination against plaintiff in violation of the New York City Human Rights Law.

## EIGHTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF
## THE NEW YORK CITY HUMAN RIGHTS LAW

84. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

85. Plaintiff engaged in activity protected by the New York City Human Rights Law.

86. Defendant knew that plaintiff engaged in protected activity.

87. Defendant took adverse employment actions against plaintiff after he engaged in protected activity.

88. Defendant took adverse employment actions against plaintiff because of his protected activity.

89. Defendant's conduct constitutes retaliation against plaintiff because he engaged in activities protected by the New York City Human Rights Law.

## Jury Demand

90. Plaintiff is entitled to and demands a jury trial.

## Prayer for Relief

WHEREFORE plaintiff Jeffrey P. Stephens requests entry of a judgment against defendant City of New York, Department of Finance, awarding him: reinstatement to the position he would have held but for defendant's unlawful acts; compensatory and punitive damages in amounts to be determined at trial; pre- and post-judgment interest; an injunction prohibiting defendant from discriminating or retaliating against plaintiff in the future; reasonable attorneys' fees, expert fees, and the costs of this action as authorized by 42 U.S.C. § 12205, 42 U.S.C. § 2000e-5(k), and N.Y.C. Admin. Code § 8-502(g); and such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       May 26, 2020

THE HOWLEY LAW FIRM P.C.

By: _/s John J.P. Howley_  
    John J.P. Howley [JH9764]  
*Attorneys for Plaintiff*  
225 West 34th Street, 9th Floor  
New York, New York 10122  
(212) 601-2728



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Holly M. Shabazz
State/Local Program Manager
Phone (212) 336-3766
Fax (212) 336-3625

March 2, 2020

Jeffrey P. Stephens
2800 Wilmington Road, #4
Lake Placid, NY  12946

Re: EEOC Charge Nos. 16G-2019-02743
Jeffrey P. Stephens v. NYC Department of Finance

Dear Mr. Stephens:

Our records show that the dismissal and notice of right to sue letters for the above charge was mailed by the Equal Employment Opportunity Commission (EEOC) on December 20, 2019. You stated that you never received the notices. The record also shows that due to clerical error, your dismissal and notice of right to sue letter was mailed to the wrong address.

Enclosed please find a copy of the dismissal and notice of rights to sue letter. After receipt of the notice, you will have 90 days to file a lawsuit in Federal District Court.

Sorry for any inconveniences.

Sincerely,

Holly M. Shabazz
State/Local and Tribal Program Manager

Encl: Notice of Right to Sue Letter

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeffrey P. Stephens<br>131 Beach 121st Street<br>Far Rockaway, NY 11694 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-02743 | Holly M. Shabazz,<br>State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*(signature)*

Kevin J. Berry,
District Director

DEC 20 2019

*(Date Mailed)*

Enclosures(s)

cc:  **NYC DEPARTMENT OF FINANCE**
Attn: Mary Rose O'Connell – Deputy Counsel
1 Centre Street
22nd Floor
New York, NY 10007